Leon F. Mead II, Esq.
Nevada Bar No. 5719
eMail: leon@meadlawgroup.com
Sarah A. Mead, Esq.
Nevada Bar No. 13725
eMail: sarah@meadlawgroup.com
**MEAD LAW GROUP**
10161 Park Run Drive, Suite 150
Las Vegas, NV 89145
Tel: 702.869-0192
Fax: 702.922.3831

Patrick G. Byrne, Esq.
Nevada Bar No. 7636
eMail: pbyrne@swlaw.com
Michael Paretti, Esq.
Nevada Bar No. 13926
eMail: mparetti@swlaw.com
**SNELL & WILMER L.L.P.**
3800 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Tel: 702.784.5200
Fax: 702.784.5252

*Attorneys for Defendants and Counter-claimants*
ALON LAS VEGAS RESORT, LLC and
ALON LEISURE MANAGEMENT, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| YWS Architects, LLC dba YWS Design & Architecture, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Alon Las Vegas Resort, LLC, a Delaware limited liability company; Alon Las Vegas Landco, LLC, a Delaware limited liability company; TISHMAR, LLC, a Nevada limited liability company,<br><br>Defendants. | Case No.: 2:17-CV-01417-RFB-VCF<br><br>**JOINT PREHEARING STATEMENT PURSUANT TO ORDER SETTING EVIDENTIARY HEARING [DOC 52]** |

Mead Law Group
10161 Park Run Dr.
Suite 150
Las Vegas, NV 89145
T. 702 869-0192
F/. 702.922.3831

1

Alon Las Vegas Resort, LLC, a Delaware limited liability company; Alon Leisure Management, LLC, a Delaware limited liability company,

Counter-claimants,

vs.

YWS Architects, LLC dba YWS Design & Architecture, a Nevada limited liability company; Tom Wucherer, an individual; DOES 1 through 10; ROE CORPORATIONS 11-20,

Counter-defendants.

After briefing by all appropriate parties on Alon Las Vegas Resort, LLC and Alon Leisure Management LLC's (collectively "Alon") Motion to Expunge YWS Architects, LLC's Mechanic's Lien [Doc 31] Tishmar, LLC's ("Tishmar") Joinder in Alon's Motion [Doc 35], and Tishmar's Motion to Expunge YWS Architects, LLC's Mechanic's Lien [Doc 32], the parties make the following joint prehearing statement for the benefit of this Court:

I. **Undisputed Facts**

The parties have agreed that the following facts are undisputed:

A. *The Parties' Relationship*

1. YWS Architects, LLC ("YWS") entered into an agreement with Alon to perform architectural services for the construction project formerly known as the Alon Resort project in Las Vegas, Nevada (the "Project"), located at 3120 S. Las Vegas Blvd., Las Vegas, Nevada, APN Nos. 162-16-101-009, 162-16-101-011, and 162-09-403-004 (the "Property").

2. Alon is the fee owner of APN Nos. 162-16-101-009 and 162-16-101-011 (the "Alon Parcels"). Tishmar is the fee owner of APN No. 162-09-403-

**Mead Law Group**
10161 Park Run Dr.
Suite 150
Las Vegas, NV 89145
T. 702 869-0192
F/. 702.922.3831

2

004, which is leased by Tishmar to Alon or its predecessors-in-interest (the "Tishmar Parcel").

3. Alon and YWS entered into a Letter of Intent ("10/29/14 LOI") on October 29, 2014 for services relating to, among other things, a review and analysis of the concept design criteria documents ("CDCD's") for the Project and completion of a design feasibility analysis. YWS completed the services pursuant to the 10/29/14 LOI and was paid in full by Alon for those initial services.

4. Alon and YWS entered into a later Letter of Intent dated May 5, 2015 (the "5/5/15 LOI") in connection with architectural services for the Project.

5. The 10/29/14 LOI and 5/5/15 LOI were valid, binding agreements and governed the relationship between Alon and YWS.

6. YWS performed architectural services for Alon under the LOIs.

7. Alon sent a letter to YWS purporting to terminate the 5/5/15 LOI on August 24, 2016.

8. The 5/5/15 LOI contains a provision stating that:

> In the event any dispute pertaining to this LOI arises, the parties agree to first try in good faith to settle the dispute by mediation pursuant to the Construction Industry Mediation Procedures of the American Arbitration Association. Notwithstanding Sections M-9 and M-12 of the Construction Industry Mediation Procedures, neither party's failure to attend any mediation conference or exercise their best efforts to prepare and engage in mediation is actionable by the other party as a claim of failure to perform or to act in good faith, and either party may terminate mediation at any time by giving notice to the other party and, if applicable, the mediator. If the dispute is not settled by mediation, it may be resolved by final and binding arbitration, if the parties so agree, or otherwise by civil litigation in a court of competent jurisdiction in Clark County, Nevada.

9. Tishmar is not a party to any agreement with YWS, including the agreement between Alon and YWS for the Project.

///

## B. *The Property*

1. The Property is located on Las Vegas Boulevard, across from the Wynn.
2. Fencing with advertising for the future resort was erected surrounding the Property.
3. A previously-existing structure, identified as the former Trump sales building, was partially demolished and model rooms were constructed within the structure on the Alon Parcel.

## C. *The Lien*

1. On September 19, 2016, YWS recorded a notice of mechanics' lien against the Alon parcels.
2. On October 6, 2016, Alon demanded that the lien be released by close of business on Friday October 7, 2016 based on its position that the lien was improperly and unlawfully recorded, or else Alon stated it would not participate in mediation of their dispute.
3. On October 7, 2016, YWS recorded a release of its lien recorded September 19, 2016.
4. The parties attended mediation on November 17, 2016 and presented their respective cases to Floyd Hale, Esq. of JAMS. No resolution was reached at the mediation. Tishmar did not participate in the mediation.
5. On November 21, 2016, YWS recorded a second notice of mechanics' lien on the Property.
6. YWS served its notice of its November 21, 2016 mechanics' lien on the Property on Alon by certified mail return receipt requested.
7. There is no priority dispute at issue in this case.
8. YWS performed no work for Alon between September 19, 2016 and November 21, 2016.

**Mead Law Group**
10161 Park Run Dr.
Suite 150
Las Vegas, NV 89145
T. 702 869-0192
F/. 702.922.3831

4

## II. Facts Not Admitted, but Not Contested at the Evidentiary Hearing

The following alleged facts are not admitted by all parties, however, none of the parties will contest these facts at the evidentiary hearing.

1. YWS' allegation that it is owed any amount of money from Alon is disputed by Alon, but will not be contested for purposes of the evidentiary hearing.

2. YWS' allegation that it is the rightful owner of the architectural plans and other IP work described in YWS' Complaint and Alon's Counterclaim is disputed by Alon, but will not be contested for purposes of the evidentiary hearing.

3. Tishmar recorded a Memorandum of Lease Assumption agreement on October 16, 2014, Instrument No. 201410160002692, prior to YWS's agreement with Alon.

4. From and after entering into the lease for the Tishmar Parcel, Tishmar recorded Notices of Non-Responsibility as to the Tishmar Parcel, most recently on September 29, 2006, August 22, 2007, September 10, 2015, and November 20, 2015.

5. YWS did not serve Tishmar with a pre-lien notice under NRS 108.245.

## III. Issues of Fact to be Determined at the Evidentiary Hearing

1. Whether under Nevada's mechanic's lien statute, providers of architectural services can be lien claimants.

2. If the Court determines that "visible construction" is necessary under the circumstances in this case, whether "visible construction" occurred prior to YWS' lien claim on the Alon Project.

3. What the circumstances were surrounding YWS' release of its September 2016 notice of lien.

4. Whether YWS had a good-faith belief in the basis for recording its notice of lien in November of 2016.

**Mead Law Group**
10161 Park Run Dr.
Suite 150
Las Vegas, NV 89145
T. 702 869-0192
F/. 702.922.3831

5. Whether any of Tishmar's Notices of Non-Responsibility were timely or effective as to YWS' claim of lien.

6. Whether the scope of services to be provided by YWS under the 5/5/15 LOI included design services for model rooms and mockups of rooms to be built in the resort.

7. Whether the former Trump Sales building was leased to a third party entity, Alon Leisure Management LLC, which entered into an agreement with Penta Building Group to perform the work.

8. The ownership and management of Alon Las Vegas Resort, LLC and Alon Leisure Management, LLC.

9. Whether Alon recorded a Notice of Non-Responsibility with respect to Penta's work, with the Clark County Recorder before the work was performed.

10. Whether the last construction work performed on the former Trump Sales building was in June, 2016.

## IV. <u>Issues of Law to be Determined at the Evidentiary Hearing</u>

1. Whether "visible construction" is a required element for a mechanics' lien claim against property where there is a direct contract between the lien claimant and the owner of the property, and there is no priority dispute.

2. If the court determines that "visible construction" is a required element for a mechanic's lien claim under the circumstances described in Issue 1, whether the indicators of construction determined to have been present on the Property constitutes "visible construction" under Nevada law.

3. Whether YWS permanently waived and is barred from asserting its rights to lien the Property when it recorded its release of the September 19, 2016 lien; specifically, whether Nevada law prohibits recording a subsequent notice of lien within the statutory period, after a release is recorded to

**Mead Law Group**
10161 Park Run Dr.
Suite 150
Las Vegas, NV 89145
T. 702 869-0192
F/. 702.922.3831

6

further settlement discussions and where there has been no satisfaction of the underlying obligation.

4. Whether the lien release was consideration for Alon's agreement to attend mediation in light of the language in the Dispute Resolution section of the LOI.

5. Whether an architect who performs architectural work has any lien rights under Nevada law against a landlord who has recorded a memorandum of lease and Notices of Non-Responsibility, without the architect serving a pre-lien notice.

6. Whether YWS' lien is timely.

7. Whether YWS' lien should be limited to the amount of alleged unpaid work related to the former Trump sales office, if any.

## V. **Stipulated Exhibits**

A. The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:

**Alon's Exhibits**

1. YWS September 19, 2016 Notice of Lien
2. YWS October 7, 2016 Release of Lien
3. YWS November 21, 2016 Notice of Lien
4. October 6, 2016 LFM Letter to Frank Flansburg Demanding Release of September Notice of Lien

*Alon specifically reserves the right to utilize any exhibits identified by any other party.*

**Tishmar's Exhibits**

5. Memorandum of Lease Assumption Agreement, recorded October 16, 2014 (Exhibit "A" to Tishmar's motion to expunge);

**Mead Law Group**
10161 Park Run Dr.
Suite 150
Las Vegas, NV 89145
T. 702 869-0192
F/. 702.922.3831

7

6. Notice of Non-Responsibility recorded September 10, 2015 (Exhibit "B" to Tishmar's motion to expunge);

7. Notice of Non-Responsibility recorded November 20, 2015 (Exhibit "C" to Tishmar's motion to expunge);

8. Clark County Recorder's Office index, available at https://recorder.co.clark.nv.us/recorderecommerce, noting Notices of Non-Responsibility, attached as Exhibit "D" to Tishmar's motion to expunge;

9. Clark County Recorder's Office index, available at https://recorder.co.clark.nv.us/recorderecommerce, noting UCC filing, attached as Exhibit "E" to Tishmar's motion to expunge;

10. Assessor's Parcel Map;

11. Assessor's Aerial View;

*Tishmar specifically reserves the right to utilize any exhibits identified by any other party.*

**YWS' Exhibits**

12. 5/5/15 LOI

13. Clark County building permits and inspection records; permit application submitted by Alon for interior demolition of Trump sales building (4/21/15)

14. Copies of Certified Return Receipts for service of November Notice of Lien

15. November 18, 2016 letter from Leon Mead to Frank Flansburg

16. November 23, 2016 letter from Frank Flansburg to Leon Mead.

*YWS specifically reserves the right to utilize any exhibits identified by any other party.*

Mead Law Group
10161 Park Run Dr.
Suite 150
Las Vegas, NV 89145
T. 702 869-0192
F/. 702.922.3831

## VI. Disputed Proposed Exhibits

B. The following exhibits are not stipulated into evidence, but will be offered by one or more of the parties and objected to by the party against whom the same will be offered:

**Alon's Exhibits and Objections**

17. Development Center Site Plan (dated December 18, 2015) (Bates No. ALON000742-748) YWS objection, Hearsay, lack foundation

18. Clark County Building Department Permit re Alon Leisure Management Development Center (1/28/2016) (Bates No. ALON000817-822)

19. Clark County Building Department re Alon Development Center (1/28/2016) (Bates No. ALON000823)

20. Lease Between ALON Las Vegas Resort LLC and Alon Leisure Management LLC (Bates No. ALON000824-843) -- **YWS Objection: Hearsay, Lack Foundation**

21. Notice of Non-Responsibility (Bates No. ALON000844-845)

22. Clark County Building Department Permit re Trump Sales Center Office (Bates No. ALON000846-848)

23. Emails regarding Alon Sales Center (ALON000596-598) -- **YWS Objection: Hearsay, Lack Foundation**

24. Assessor's Parcel Map of Parcel No. 162-16-101-09 and 162-16-101-011 (ALON0001075)

25. Contract Between The Penta Building Group, LLC and Alon Las Vegas Resort, LLC (if produced by Penta PMK) -- **YWS Objection: Hearsay, Lack Foundation**

26. Documents demonstrating completion date of The Penta Building Group, LLC's work (if produced by Penta PMK) -- **YWS Objection: Hearsay, Lack Foundation**

- *Alon reserves the right to present additional exhibits that are discovered after submission of this Prehearing Statement.*
- **Objections to YWS Exhibits:** Alon objects to the admission of these exhibits on the basis that they constitute inadmissible hearsay, YWS can provide no proper foundation to admit them, and/or they lack relevance to the issues to be analyzed at the January 12, 2018 hearing. Alon reserves the right to object further to the disclosed exhibits and any other exhibits YWS may present at the hearing.
- **Objections to Tishmar Exhibits:** Alon objects to the admission of these exhibits to the extent they constitute hearsay or Tishmar can provide no proper foundation to admit them.

**Tishmar's Exhibits and Objections**

27. Preliminary Title Report -**Alon Objection: Lacks Foundation, Hearsay**

- **Objections to Alon Exhibits:** None
- **Objections to YWS Exhibits:** None

**YWS' Exhibits and Objections**

28. November 4, 2015 Article "Work is Underway at Alon Las Vegas, formerly New Frontier, on the north Strip" and embedded photos of the site – **Alon Objection: Hearsay, Lacks Foundation**

29. December 15, 2016 Article "Alon management exploring options after loss of backer" - **Alon Objection: Hearsay, Lacks Foundation**

Mead Law Group
10161 Park Run Dr.
Suite 150
Las Vegas, NV 89145
T. 702 869-0192
F/. 702.922.3831

30. February 17, 2016 Article "James Packer and sister Gretel reach new secret deal on $1.25 billion inheritance from media mogul father Kerry" – **Alon Objection: Hearsay, Lacks Foundation, Relevance**

31. December 16, 2016 Article "Crown backs out of Macau" **Alon Objection: Hearsay, Lacks Foundation, Relevance**

32. October 19, 2016 Article "China casino detentions cast pall over Macau's recovery" – **Alon Objection: Hearsay, Lacks Foundation, Relevance**

33. Penta documents showing work done on the design center – **Alon Objection: Hearsay, Lacks Foundation, Failure to Disclose**

34. Penta emails regarding work done on the design center – **Alon Objection: Hearsay, Lacks Foundation, Failure to Disclose**

35. Boundary Survey of Alon parcels – **Alon Objection: Hearsay, Lacks Foundation, Failure to Disclose**

36. Emails between YWS and Alon regarding continued work on the Project – **Alon Objection: Hearsay, Lacks Foundation, Failure to Disclose**

37. Google Street View images showing the construction fencing and Penta dumpster – **Alon Objection: Hearsay, Lacks foundation, Relevance.**

38. 10/29/14 LOI

39. June 15, 2016 Suspension Notice

40. August 24, 2016 Termination Notice

41. August 31, 2016 Letter from Thomas Wucherer in response to Termination Notice

42. YWS' architectural license documentation

Mead Law Group
10161 Park Run Dr.
Suite 150
Las Vegas, NV 89145
T. 702 869-0192
F/. 702.922.3831

43. Emails with Todd Nesbit regarding "Project X" -- **Alon Objection: Lacks Foundation, Hearsay, Failure to Disclose**
44. Title Report for the Property -- **Alon Objection: Lacks Foundation, Hearsay, Failure to Disclose**
45. Aerial depictions of the Property taken from Clark County Assessor website (request for judicial notice)

- *YWS reserves the right to present additional exhibits that are discovered after submission of this Prehearing Statement.*
- **Objections to Alon and Tishmar Exhibits:** YWS objects to the admission of these exhibits on the basis that they constitute inadmissible hearsay and/or lack relevance to the issues to be analyzed at the January 12, 2018 hearing. YWS reserves the right to object further to the disclosed exhibits and any other exhibits the other parties may present at the hearing.

### VII. Witnesses and Testimony

The following witnesses and their testimony will be presented at the evidentiary hearing:

(1) **Alon:** James Noel, formerly of Alon Las Vegas Resort, LLC – Alon expects this witness to testify as to the facts and circumstances addressed in the Motions and otherwise to be addressed by the Court at the hearing.

(2) **Alon:** Andrew Pascal, Alon Leisure Management, LLC – Alon expects this witness to testify as to the facts and circumstances addressed in the Motions and otherwise to be addressed by the Court at the hearing.

(3) **Alon:** Toni Foti, Formerly of Alon Leisure Management, LLC – Alon expects this witness to testify as to the facts and circumstances addressed in the Motions and otherwise to be addressed by the Court at the hearing.

Mead Law Group
10161 Park Run Dr.
Suite 150
Las Vegas, NV 89145
T. 702 869-0192
F/. 702.922.3831

(4) **Alon:** PMK of Penta Building Company – Alon expects this witness to testify as to the facts and circumstances addressed in the Motions and otherwise to be addressed by the Court at the hearing.

(5) **Alon:** Alon specifically reserves the right to examine any witness produced by any other party.

(6) **Tishmar:** Since neither Alon nor YWS object to the facts and exhibits identified in Sections I, II and V, above, Tishmar will not present any witnesses at the evidentiary hearing but reserves the right to call Michael W. Kern (accountant for Tishmar) if any evidence or exhibits are offered by Alon or YWS that are contrary to those facts and exhibits.

(7) **Tishmar:** Tishmar specifically reserves the right to examine any witness produced by any other party.

(8) **YWS:** Thomas Wucherer, Principal and CEO of YWS Architects, LLC - YWS expects this witness to testify as to the facts and circumstances to be addressed by the Court at the hearing.

(9) **YWS:** PMK of Penta Building Company - YWS expects this witness to testify as to the facts and circumstances to be addressed by the Court at the hearing.

(10) **YWS:** Frank Flansburg, Swartz & Flansburg PLLC - YWS expects this witness to testify as to the facts and circumstances to be addressed by the Court at the hearing.

(11) **YWS:** Michael Stewart, YWS Architects, LLC - YWS expects this witness to testify as to the facts and circumstances to be addressed by the Court at the hearing.

(12) **YWS:** Paul Burn, Surveyor, GWC - YWS expects this witness to testify as to the facts and circumstances to be addressed by the Court at the hearing, including project and parcel boundaries and location of improvements thereon.

**Mead Law Group**
10161 Park Run Dr.
Suite 150
Las Vegas, NV 89145
T. 702 869-0192
F/. 702.922.3831

13

(13) **YWS:** YWS specifically reserves the right to call a surveyor in the event of a dispute over any factual matters concerning the Property or any improvements thereon.

(14) **YWS:** YWS specifically reserves the right to examine any witness produced by any other party.

| | |
|---|---|
| **MEAD LAW GROUP** | **GREENBERG TRAURIG, LLP** |
| By: _/s/ Sarah A. Mead_<br>Leon F. Mead II, Esq. (NV Bar #5719)<br>Sarah A. Mead, Esq. (NV Bar #13725)<br>10161 Park Run Drive, Suite 150<br>Las Vegas, Nevada 89145 | By: _/s/ Shauna L. Norton_<br>Mark G. Tratos, Esq. (NV Bar #1086)<br>Donald L. Prunty, Esq. (NV Bar #8230)<br>Shauna L. Norton, Esq. (NV Bar #11320)<br>3773 Howard Hughes Pkwy<br>Suite 400 North<br>Las Vegas, NV 89169 |
| Patrick G. Byrne, Esq. (NV Bar #7636)<br>Michael Paretti, Esq. (NV Bar #13926)<br>**SNELL & WILMER L.L.P.** | *Attorneys for YWS Architects, LLC* |
| *Attorneys for Alon Las Vegas Resort, LLC and Alon Leisure Management, LLC* | |

**KAEMPFER CROWELL**

By: _/s/ Peter C. Bernhard_
Peter C. Bernhard, Esq. (NV Bar #734)
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

*Attorneys for Tishmar, LLC*

This prehearing statement has been approved by the parties to this action as evidenced by their signatures or the signatures of their attorneys hereon, and the order is hereby entered and will govern the evidentiary hearing set for January 12, 2018. ~~This order may not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice.~~

Dated: January __10__, 2018

_____
United States Magistrate Judge

Mead Law Group
10161 Park Run Dr.
Suite 150
Las Vegas, NV 89145
T. 702 869-0192
F/. 702.922.3831

14