GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| YWS Architects, LLC, d/b/a YWS Design & Architecture, a Nevada limited liability company,<br><br>  Plaintiff,<br><br>v.<br><br>ALON LAS VEGAS RESORT, LLC, a Delaware limited liability company, ALON LAS VEGAS LANDCO, LLC, a Delaware limited liability company; TISHMAR, LLC, a Nevada limited liability company;<br><br>  Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:17-cv-01417-RFB-VCF<br><br>**JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING THE CONFIDENTIALITY OF DISCOVERY DOCUMENTS AND INFORMATION** |

Plaintiff/Counter-Defendant YWS Architects, LLC and Tom Wucherer (collectively, "YWS") and Defendant/Counter-Claimants Alon Las Vegas Resort, LLC and Alon Leisure Management, LLC (collectively, "Alon"), by and through their respective counsel, and subject to approval of the Court, hereby stipulate to the following proposed stipulated protective order relating to confidential information. YWS and Alon are referred to collectively as the "Parties."

**1.   Purpose.**

The Parties recognize that preparation and trial of this action may require the discovery of certain records and other materials claimed by one or more of the parties to contain confidential business, commercial, financial, or personal information. Specifically, preparation and trial of this action may require the production or disclosure of:

(a) Agreements, drafts, term sheets, contracts, and other documents that contain commercially-sensitive information or other confidential terms, including agreements with third parties;

(b) Financial information about the parties or third parties that is not publicly disclosed, including compensation terms and revenue figures;

(c) Documents constituting or referring to business planning and strategy that, if disclosed, would competitively prejudice one or more of the parties or third parties;

(d) Other private or commercially-sensitive documents that would prejudice the parties' or third parties' legitimate business interests if publicly disclosed; and

(e) Individuals' personal, private information, including telephone numbers, e-mail addresses, home addresses, and other medical and/or financial information.

The parties desire to litigate this action without jeopardizing their business and commercial interests, any individuals' legitimate privacy interests, or any third party interests in the confidentiality of this information, and so enter this proposed stipulated protective order ("Order").

**2.  Designation of Confidentiality.**

Designation of any materials as "Confidential" or "Highly Confidential –Attorneys Eyes Only" shall be a representation that the designating party's counsel, in good faith, believes that the designated material comprises or contains information falling into one of the categories described above.  The protection of this Order may be invoked with respect to any testimony, deposition, court filing, or discovery request (or response thereto), documents, records, or tangible things – and any copies, abstracts, excerpts, or analyses thereof – used, served, or produced by any party in this action which contain information falling into any of the categories described above.

*Documents.*  With respect to documents, the copy of the document when produced shall bear the clear and legible designation "Confidential" or "Highly Confidential – Attorneys Eyes Only," as the case may be.

*Interrogatories or Request for Admissions.*  With respect to responses to interrogatories or requests for admission, the specific pages of the responses containing "Confidential" or "Highly Confidential – Attorneys Eyes Only" information shall be so marked.

*Depositions.*  In order to obtain confidential or highly confidential treatment of a deposition, the designating party must designate the specific testimony to be maintained as "Confidential" or

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

"Highly Confidential – Attorneys Eyes Only" within seven (7) business days of receipt of the deposition transcript. All deposition testimony shall be treated as "Highly Confidential - Attorneys Eyes Only" until such time as the designation deadline has passed.

***Documents Produced by Third Parties.*** The parties shall have the right to designate materials produced by third parties in this action as "Confidential" or "Highly Confidential – Attorneys Eyes Only" within seven (7) business days of the production of such materials in this action. All such documents shall be treated as "Highly Confidential - Attorneys Eyes Only" until such time as the designation deadline has passed.

***Inadvertent Disclosure.*** The inadvertent or unintentional disclosure of confidential business, commercial, financial or personal information without a designation as "Confidential" or "Highly Confidential – Attorneys Eyes Only" shall not be deemed a waiver, either in whole or in part, of a party's claim that the specific information disclosed, any related information, or any information on the same or a related subject matter is confidential and subject to this Order. Upon discovery of an inadvertent or unintentional disclosure of such confidential information, counsel for the parties should, to the extent possible, cooperate to restore the confidentiality of any such information that was inadvertently or unintentionally disclosed.

***Documents Previously Produced.*** Documents previously produced in this case shall not be treated as "Confidential" or "Highly Confidential – Attorneys Eyes Only" under this Order unless so designated within seven (7) business days of notice of entry of this Order.

3. **Limited Disclosure of Designated Documents.**

All materials designated "Confidential" and "Highly Confidential – Attorneys Eyes Only" shall be used solely in the preparation for trial, trial of this action and/or appeal, shall not be used at any time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Order.

    a. Materials designated as "Confidential" by any party, may be disclosed only to:

        i. The Court, its staff, clerks, law clerks, and jurors in the manner set forth in paragraph 7 below.

ii. Any person who is designated to receive specific material or information by order of this Court. Any person so designated shall execute an undertaking in the form attached hereto as Exhibit A prior to disclosure, and shall agree to be bound by this Order.

iii. Deposition and court reporters and their support personnel, for purposes of preparing transcripts only.

iv. Attorneys in a law firm appearing of record for a party in this action, all parties' in-house counsel, and their respective employed secretaries, paralegals, legal assistants, and independent contractors performing basic office services (such as outside copying services) whose work on this case requires access to "Confidential" materials (this category hereinafter collectively referred to as "Attorneys").

v. Any individual party or any officer, director or employee of a party assisting counsel in the preparation of the case to the extent necessary to enable the parties to prepare for trial, to try this action, or to engage in appellate proceedings herein.

vi. Any expert or consultant who is retained or sought to be retained by any of the parties in this action to assist in this litigation, and any employee of such an expert (this category hereinafter collectively referred to as "Experts"). Any Expert wanting access to "Confidential" material shall execute an undertaking in the form attached hereto as Exhibit A prior to disclosure, and shall agree to be bound by this Order.

vii. Any person called to testify as a witness either at a deposition or court proceeding in this action to the extent the "Confidential" information is relevant to the subject matter of which the deponent would likely have knowledge or on which the trial witness may be questioned, but only for the purpose of assisting in the preparation or examination of the witness. Such persons receiving access to "Confidential" material under this sub-paragraph shall execute an undertaking in the

form attached hereto as Exhibit A prior to disclosure, and shall agree to be bound by this Order.

   viii. Any mediator or arbitrator that the parties have agreed in writing to use in connection with this action, or that the parties have been ordered to use in connection with this action, provided that any such person receiving "Confidential" material under this sub-paragraph must sign an undertaking in the form attached hereto as Exhibit A prior to disclosure, and shall agree to be bound by this Order.

   ix. With respect to any particular material, the author or addressee of that material, as well as any person who prepared, received, or reviewed that material prior to the date this action was filed, or a corporate designee of such a person.

   x. Other persons approved in writing by the producing party.

 b. Materials designated as "Highly Confidential – Attorneys Eyes Only" by any party may be disclosed only to:

   i. The Court, its staff, clerks and law clerks in the matter set forth in paragraph 7 below.

   ii. Deposition and court reporters and their support personnel, for purposes of preparing transcripts only.

   iii. Attorneys as defined in paragraph 3(a)(iv), but excluding independent contractors performing basic office services.

   iv. Any expert or consultant who is retained or sought to be retained by any of the parties in this action to assist in this litigation, and any employee of such an expert (this category hereinafter collectively referred to as "Experts"). Any Expert wanting access to "Highly Confidential – Attorneys Eyes Only" material shall execute an undertaking in the form attached hereto as Exhibit A prior to disclosure, and shall agree to be bound by this Order. Competitors or employees, officers, directors, principals or agents of a Non-producing Party or competitors to a Party shall not be deemed experts or consultants for purposes of this provision.

    v. Deponents and trial witnesses where the "Highly Confidential – Attorneys Eyes Only" material is relevant to a subject matter of which the deponent would likely have knowledge or on which the trial witness may be questioned, and provided that (a) each such person execute an undertaking in the form attached hereto as Exhibit A prior to disclosure, and (b) the terms of subparagraph 3(c) below have been followed. Competitors or employees, officers, directors, principals or agents of a Non-producing Party or competitors to a Party shall not be deemed deponents or trial witnesses for purposes of this provision.

    vi. With respect to any particular material, the author or addressee of that material, as well as any person who prepared, received, or reviewed that material prior to the date this action was filed.

    vii. Other persons approved in writing by the producing party.

  c. Copies of any executed Exhibit A undertaking shall be retained by counsel disclosing "Confidential" or "Highly Confidential – Attorneys Eyes Only" material to such persons. All executed undertakings shall be disclosed to a party whose designated material has been disclosed upon order by the Court that such disclosure shall be made.

**4.**  **Procedures for Challenges.**

  A party shall not be obligated to challenge the propriety of a "Confidential" or "Highly Confidential –Attorneys Eyes Only" designation at the time such a designation is made, and a failure to do so shall not preclude a subsequent challenge to that designation. Any challenge to the designation of material as "Confidential" or "Highly Confidential –Attorneys Eyes Only," and any objection to disclosing "Highly Confidential – Attorneys Eyes Only" material to a deponent not resolved by agreement of counsel, will be resolved according to the procedures set forth in Federal Rule of Civil Procedure 37. Payment of attorneys' fees expended in connection with any dispute over the application of this Order will be governed by Federal Rule of Civil Procedure 37(a)(5)(A). Until the challenge is resolved, the designated material shall maintain and be treated as "Confidential" or "Highly Confidential – Attorneys Eyes Only," as the case may be.

5.  **Handling and Disposition of Materials; Handling at Conclusion of Case.**

All material designated "Confidential" or "Highly Confidential – Attorneys Eyes Only" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such materials to leave their possession, except that copies of such materials may be made for purposes of disclosures permitted under this Stipulation, and copies may be submitted to the Court under seal as necessary.

Within sixty (60) days after such time as this action is concluded, whether by final adjudication on the merits from which there remains no right of appeal, or by other means, any party producing "Confidential" or "Highly Confidential – Attorneys Eyes Only" material may require the return of all documents and copies containing "Confidential" or "Highly Confidential – Attorneys Eyes Only" materials (including but not limited to copies in the possession or control of any Expert or employee) to the party who produced them. A party receiving such a request may also satisfy its obligations by destroying the designated documents within thirty (30) days of receipt of the request, and providing a written statement under penalty of perjury to the requesting party confirming the destruction of all such documents and information.

6.  **Further Application.**

Nothing in this Order shall preclude any party from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during this litigation. The Court shall retain jurisdiction over the parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Order.

7.  **Filing in Court.**

No "Confidential" or "Highly Confidential –Attorneys Eyes Only" materials shall be filed in the public record of this action. If a party wants to file with the Court a document constituting or containing "Confidential" or "Highly Confidential – Attorneys Eyes Only" material, such papers shall be filed or lodged in a sealed envelope and kept under seal by the Clerk of this Court, unless otherwise ordered by the Court. If materials are lodged under seal for the limited purpose of

assisting the Court in its consideration of a particular motion, unless otherwise ordered by the Court those materials shall be returned to the lodging party by the Clerk of this Court once that motion has been adjudicated.  Where possible, only "Confidential" or "Highly Confidential–Attorneys Eyes Only" portions of filings with the Court shall be filed under seal.

To facilitate compliance with this Order by the Clerk's office, material filed under these designations shall be contained in a sealed envelope bearing the appropriate designation on its front face.  In addition, the envelope shall bear the caption of the case, shall contain a concise, non-disclosing inventory of its contents for docketing purposes, and shall state thereon that it is filed under the terms of this Order.  If any Court document to be filed by either party contains any "Confidential" or "Highly Confidential – Attorneys Eyes Only" material, the proposed filing and lodging shall be accompanied by an application to file or lodge the document or the portion(s) thereof including "Confidential" or "Highly Confidential – Attorneys Eyes Only" material (if such portion(s) is/are segregable) under seal pursuant to the Federal Rules of Civil Procedure, local rules, and the District Court's standing order.

**8.     Modification By Parties.**

This Order may be modified or amended by the parties, subject to approval of the Court, provided it is in the form of a stipulation that shall be filed and made part of the record in this case.

**9.     Reservation of Rights.**

By designating any material "Confidential" or "Highly Confidential – Attorneys Eyes Only" the parties do not acknowledge that any such material is relevant, discoverable, or admissible in this action.  All parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in this action.  Designations of "Confidential" or "Highly Confidential – Attorneys Eyes Only" shall not be made known to the jury.

**10.    Use of Own Materials.**

Notwithstanding the foregoing, any party may use any materials or information designated by it for any purpose whatsoever.

...

**11.    Independently Discovered Material.**

Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action.

**12.    Additional Disclosures.**

Nothing herein shall prevent any party who has received "Confidential" or "Highly Confidential — Attorneys Eyes Only" information pursuant to this Order from producing such information in response to a lawful subpoena or other compulsory process; provided that any party receiving such subpoena or process shall, as soon as reasonably practical, provide notice to the designating party by telephone or facsimile in order to allow such designating party a reasonable opportunity to seek a protective order or similar relief from the Court.

| SO STIPULATED | SO STIPULATED |
|---|---|
| DATED this 24th day of January, 2018. | DATED this 24th day of January, 2018. |
| GREENBERG TRAURIG, LLP | MEAD LAW GROUP |
| */s/ Shauna L. Norton* <br> MARK G. TRATOS, ESQ. <br> Nevada Bar No. 1086 <br> DONALD L. PRUNTY, ESQ. <br> Nevada Bar No. 8230 <br> SHAUNA L. NORTON, ESQ. <br> Nevada Bar No. 11320 <br> 3773 Howard Hughes Parkway, Suite 400 N <br> Las Vegas, NV 89169 <br><br> ROBERT D. ROURKE, ESQ. <br> Nevada State Bar No. 5757 <br> ROURKE LAW FIRM <br> 10161 Park Run Drive, Suite 150 <br> Las Vegas, Nevada  89145 <br><br> *Counsel for YWS Architects, LLC and Tom Wucherer* | */s/ Sarah A. Mead* <br> LEON F. MEAD, II, ESQ. <br> Nevada Bar No. 5719 <br> SARAH A. MEAD, ESQ. <br> Nevada Bar No. 13725 <br> 10161 Park Run Dr., Suite 150 <br> Las Vegas, NV 89145 <br> *Counsel for the Alon Parties* <br><br> PATRICK G. BYRNE, ESQ. <br> Nevada Bar No. 7636 <br> SNELL & WILMER, LLP <br> 3883 Howard Hughes Parkway <br> Suite 1100 <br> Las Vegas, NV 89169 <br><br> *Counsel for Alon Las Vegas Resort, LLC, Alon Las Vegas Landco, LLC and Alon Leisure Management, LLC* |

## ORDER

For good cause shown, IT IS HEREBY ORDERED that this Joint Stipulation Regarding the Confidentiality of Discovery Documents and Information be treated as the Order of this Court.

DATED this __24th__ day of __January__ 2018.

_____
The Honorable Cam Ferenbach
United States Magistrate Judge

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

LV 421003448v2

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I have read and am fully familiar with the terms of the Protective Order Regarding the Confidentiality of Discovery Documents and Information entered in this action. I hereby agree to comply with and be bound by the terms and conditions of that Protective Order unless and until modified by further order of that Court. I hereby consent to the jurisdiction of that Court for purposes of enforcing this Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ___ day of _____, 201__ at_____.

Signed:_____

Employer: _____

Business Address:_____

_____

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002