UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| YWS ARCHITECTS, LLC dba YWS DESIGN & ARCHITECTURE, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ALON LAS VEGAS RESORT, LLC, a Delaware limited liability company; ALON LAS VEGAS LANDCO, LLC, a Delaware limited liability company; TISHMAR, LLC, a Nevada limited liability company;<br><br>Defendants.<br><br>ALON LAS VEGAS RESORT, LLC, a Delaware limited liability company; ALON LEISURE MANAGEMENT, LLC, a Delaware limited liability company;<br><br>Counter-Claimants<br><br>v.<br><br>YWS ARCHITECTS, LLC dba YWS DESIGN & ARCHITECTURE, a Nevada limited liability company; TOM WUCHERER, an individual; DOES 1 through 10; ROE CORPORATIONS 11 through 20;<br><br>Counter-Defendants. | Case No. 2:17-cv-01417-RFB-VCF<br><br>ORDER<br><br>Motion to Expunge Mechanic's Lien (ECF No. 31)<br><br>Report and Recommendation (ECF No. 83)<br><br>Motion to Certify Questions to Nevada Supreme Court (ECF No. 86)<br><br>Stipulation and Order to Extend Time to File Reply (ECF No. 94) |

I.  **INTRODUCTION**

Before the Court is Alon Las Vegas Resort, LLC and Alon Leisure Management LLC's (collectively, "Alon") Motion to Expunge YWS Architects, LLC's Mechanic's Lien ("Motion to Expunge").  ECF No. 31.  United States Magistrate Judge Cam Ferenbach entered a Report and

Recommendation, which recommends denying the Motion to Expunge. ECF No. 83.

Also before the Court is Alon's subsequent Motion to Certify Questions to the Nevada Supreme Court ("Motion to Certify Questions"). ECF No. 86. Alon and YWS Architects, LLC ("YWS") filed a Stipulation and Order to Extend Time to File Reply in Support of Motion to Certify Questions to the Nevada Supreme Court ("Stipulation"). ECF No. 94. The Court grants the Stipulation *nunc pro tunc* and considers the remaining matters below.

## II. FACTUAL AND PROCEDURAL BACKGROUND

After conducting a *de novo* review of the record in this matter, the Court adopts and incorporates the Magistrate Judge's Factual Background for the purpose of this order.

The Court makes the additional factual findings. YWS recorded a mechanic's lien on September 19, 2016. ECF No. 31-2. YWS released the lien on October 7, 2016. ECF No. 31-3. After mediation between the parties failed, YWS recorded a second mechanic's lien on November 21, 2016 for the same work. ECF No. 31-4. C.

Alon moved to expunge the second lien under Nevada Revised Statute ("NRS") 108.2275 on October 12, 2017. ECF No. 31. YWS opposed the Motion to Expunge, and Alon filed a reply. ECF Nos. 36, 47. The Magistrate Judge held an evidentiary hearing on the Motion to Expunge on January 12, 2018. ECF No. 67; see also ECF No. 68 (Evidentiary Hearing Transcript). The parties then filed supplemental briefing. ECF Nos. 64, 80, 82.

After the briefing was complete, the Magistrate Judge issued his Report and Recommendation. ECF No. 83. Alon objected to the Report and Recommendation, and YWS filed a response. ECF Nos. 85, 91. Alon then moved to certify questions to the Nevada Supreme Court. ECF No. 86. YWS opposed the Motion to Certify, and Alon replied. ECF Nos. 92, 95.

## III. REPORT AND RECOMMENDATION

The Court first turns to the Magistrate Judge's Report and Recommendation and Alon Group's Motion to Expunge. A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may

file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); LR IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also LR IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct "any review," *de novo* or otherwise, of the report and recommendations of a magistrate judge. Thomas v. Arn, 474 U.S. 140, 149 (1985).

The Magistrate Judge made the following findings in his Report and Recommendation: (1) NRS 108.2275 places the burden on Alon to prove that the mechanic's lien is frivolous and made without reasonable cause; (2) there is no requirement for visible construction before a mechanic's lien may be asserted for preconstruction services; (3) YWS recorded both liens in a timely manner under NRS 108.226(1); (4) YWS could rerecord a mechanic's lien; and (5) YWS did not irrevocably release its rights when it released the first mechanic's lien.

Alon objected to the Report and Recommendation on nine bases: (1) NRS 108.2275 places the burden on YWS to prove the mechanic's lien is not frivolous or made without good cause; (2) the Magistrate Judge violated Nevada Rule of Appellate Procedure ("NRAP") 36(c) by applying an unpublished Nevada Supreme Court decision that was decided in 2013; (3) the Magistrate Judge improperly concluded that Iliescu v. Steppan, 394 P.3d 930 (Nev. 2017) does not apply; (4) the Magistrate Judge improperly concluded that 2003 amendments to the mechanic's lien statutes removed any visible construction requirement; (5) the Magistrate Judge improperly concluded that visible construction is relevant to only priority issues regarding mechanic's liens; (6) the Magistrate Judge misapplied NRS 108.22188 by concluding the Alon Sales Center project and the Alon Resort project were one project without any evidence to support the conclusion; (7) the Magistrate Judge improperly concluded that Alon could not have reasonably believed that mediation was consideration for the release of the first lien without reservation of YWS' rights; (8) the Magistrate Judge improperly concluded a lien could be rerecorded based on the construction of NRS Chapter 108 and persuasive case law; and (9) the Magistrate Judge's conclusions constitute / / /

a creation of state law and, thus, the issues should be certified to the Nevada Supreme Court. The court addresses each objection in turn.

### a. Burden under NRS 108.2275

To begin, the Court finds the Magistrate Judge properly concluded NRS 108.2275 places the burden on a party challenging the mechanic's lien to prove it is frivolous or made without reasonable cause. NRS 108.2275 states:

> The debtor of the lien claimant or a party in interest in the property subject to the notice of lien who believes the notice of lien is frivolous and was made without reasonable cause, or that the amount of the notice of lien is excessive, may apply by motion to the district court for the county where the property or some part thereof is located for an order directing the lien claimant to appear before the court to show cause why the relief requested should not be granted.

Nev. Rev. Stat. § 108.2275(1). While the statute does not explicitly indicate that the burden for challenging a lien falls on the challenging party, the Nevada Supreme Court recognized that legislative history indicates that the burden is on the party challenging the mechanic's lien. J.D. Constr. v. IBEX Int'l Grp., 240 P.3d 1033, 1042–43 (Nev. 2010) ("The legislative history of S.B. 434 states: 'Looking to the *level of proof required to show the claim is frivolous*, Senator Adler pointed out the burden is such that the *[party opposing the lien] must show there is absolutely no basis for a claim*.'") (emphasis in original). Thus, the Court adopts the Magistrate Judge's finding that Alon had the burden to prove that the mechanic's lien is frivolous and made without reasonable cause under NRS 108.2275.

### b. NRAP 36(c)(2)

Alon next argues that the Magistrate Judge violated NRAP 36(c) by relying on an unpublished Nevada Supreme Court decision that was decided in 2013: Magnum Opes Construction v. Sanpete Steel Corporation, No. 60016, 2013 WL 7158997 (Nev. Nov. 1, 2013) (holding a mechanic's lien can be perfected without any visible construction). NRAP 36(c) provides: "A party may cite for its persuasive value, if any, an unpublished disposition issued by the [Nevada] Supreme Court on or after January 1, 2016." Nev. R. App. P. 36(c)(3). The Court recognizes that the Nevada Supreme Court regularly refuses to consider its pre-2016 unpublished decisions even as persuasive authority. See Comstock Residents Ass'n v. Lyon Cty. Bd. of

Commissioners, 414 P.3d 318, 322 n. 1 (Nev. 2018); Las Vegas Dev. Grp., LLC v. Blaha, 416 P.3d 233, 237, n. 6 (Nev. 2018). However, the Court need not rely on Magnum Opes Construction to adopt the Magistrate Judge's finding that the NRS Chapter 108 does not require visible construction prior to the assertion for preconstruction services.

In J.E. Dunn Northwest, Incorporated v. Corus Construction Venture, LLC, the Nevada Supreme Court explained that the statutory authority determining the existence of a lien is "separate" from the statutory basis for determining priority of liens or other encumbrances on a property. 249 P.3d 501, 507 (2011) ("However, under the current statutory scheme, whether work is entitled to a mechanic's lien pursuant to NRS 108.22184 and whether it is entitled to priority over other encumbrances pursuant to NRS 108.225 are two entirely separate issues."). NRS 108.222 provides:

> [A] lien claimant has a lien upon the property, any improvements for which the work, materials and equipment were furnished or to be furnished, and any construction disbursement account established pursuant to NRS 108.2403, for:
> (a) If the parties agreed, by contract or otherwise, upon a specific price or method for determining a specific price for some or all of the work, material and equipment furnished or to be furnished by or through the lien claimant, the unpaid balance of the price agreed upon for such work, material or equipment, as the case may be, *whether performed, furnished or to be performed or furnished at the instance of the owner or the owner's agent*[.].

Nev. Rev. Stat. § 108.222(1)(a) (emphasis added). Further, NRS 108.22184 defines work as including "the planning, design, … labor and services provided by a lien claimant for the construction, alteration or repair of any improvement, property or work of improvement whether the work is completed or partially completed." Nev. Rev. Stat. § 108.22184. NRS 108.2214 explicitly includes "any person who performs services as an architect" as a person qualifying as a lien claimant. Nev. Rev. Stat. § 108.2214(1). Unlike NRS 108.225, which requires visible construction for a mechanic's lien to have priority over another encumbrance, neither NRS 108.222 or NRS 108.22184 requires visible construction before a mechanic's lien may be asserted. The Court therefore adopts, without relying on the Magnum Opes Construction, the Magistrate Judge's finding "that there is no visible construction requirement for YWS to assert its mechanic's lien in this case."

### c. Non-Application of Iliescu v. Steppan

The Court now turns to Alon's challenge that the Magistrate Judge erred by concluding Iliescu, a 2017 Nevada Supreme Court decision, does not apply to this matter because it "dealt with an architect hired by a 'prospective buyer" of the property rather than the landowner, and therefore is inapplicable[.]" Alon argues that the Iliescu Court held that "actual notice was not enough to waive visibility" requirements for a mechanic's lien. ECF No. 85 at 9. The Court disagrees. The question presented in Iliescu, and therefore its holding, is more narrow than Alon asserts. See 394 P.3d 930. The Nevada Supreme Court identified the question as "whether the actual notice exception applies to offsite work and services performed by an architect hired by a prospective buyer when no onsite work has been performed on the property." Id. at 934. The Court held that the actual notice exception does not apply to such offsite work and services when no onsite work has been performed on the property. Id. at 932, 934. The Court further emphasized that allowing an alternative holding would prejudice the property owner by requiring the property owner to "assume[] the risk of payment of a prospective buyer's architectural services for a project that may never be constructed[.]" Id. at 935. However, the actual notice exception applies when "the owner has supervised work by the third party, reviewed billing statements from the third party, or any other means that would make the owner aware that the third-party claimant was involved with *work performed on its property*." Id. at 934. Thus, the Iliescu holding does not apply to the circumstances of this matter.

### d. 2003 Amendments

Alon next argues that the Magistrate Judge improperly concluded that the 2003 amendments to NRS Chapter 108 removed the visible construction requirement despite the amendments not including any such language. However, the Magistrate Judge did not make such a finding. The Magistrate Judge instead recognized that a bankruptcy court found—prior to the 2003 amendments—that "mechanics' liens do not attach to property until the priority requirements of Nevada's mechanics' lien statute (NRS 108.225) have been met[,]" in contravention to the Nevada Supreme Court's 2011 acknowledgement in J.E. Dunn Northwest, Incorporated that issues

///

regarding a lien's existence are distinct from issues regarding a lien's priority. The Court therefore overrules Alon's objection on this asserted basis.

### e. Visible Construction

Alon's fifth objection again asserts that visible construction is relevant to the validity of a mechanic's lien rather than just its priority. For the reasons discussed above, the Court overrules this objection. The Court also denies Alon's request to certify this issue to the Nevada Supreme Court for the reasons discussed in Section IV below.

### f. One Project Versus Two Projects

Alon next takes issue with the Magistrate Judge finding the Sales Center project and the Alon Resort project were a single project. The Court agrees with the Magistrate Judge that nothing in the record indicates a separate contract existed to divide the work into two projects. The Court does not find based upon the record that it would be reasonable to infer that the agreement between the parties was broken up into two contracts and two projects.

### g. Mediation as Consideration

In its seventh objection, Alon contends the Magistrate Judge improperly concluded that Alon could not have reasonably believed that mediation was consideration for the release of the first lien without reservation of YWS' rights. While the Court recognizes that Alon may have believed it attending mediation in good faith was consideration for the release of YWS' rights without reservation, this is not dispositive of the issue of whether there was such an agreement between the parties. Upon review of the record, the Magistrate Judge correctly held that "[t]here was no meeting of the minds" to allow for Alon's attendance at mediation to serve as consideration; Counter Defendant Tom Wucherer ("Wucherer"), the owner of YWS, testified he would have never released the first lien if YWS' rights could not have been protected in the event mediation was unsuccessful. Wucherer's testimony in conjunction with the language contained in the Letter of Intent supports the finding that YWS did not intend to irrevocably release its rights under the mechanic's lien.

### h. Rerecording of Second Lien

Alon also argues that the Magistrate Judge improperly concluded a mechanic's lien could

be rerecorded. The Court disagrees. The Magistrate Judge found that YWS had the right to rerecord its mechanic's lien because it did not irrevocably release its rights when releasing the first lien. Alon cites to J.D. Construction, for the proposition that allowing a lien to be recorded, released, and rerecorded without additional construction work constitutes an unlawful taking. J.D. Construction, however, requires that due process principles be satisfied in the context of enforcing a mechanic's lien. The Court finds no due process violations occurred in this matter as Alon has been afforded an evidentiary hearing and an opportunity to submit supplemental briefing before the Magistrate Judge entered his Report and Recommendation. See J.D. Constr., 240 P.3d at 1040–41 (finding due process rights were satisfied under NRS Chapter 108).

### i. Creation of State Law

In its final objection, Alon argues the Magistrate Judge's conclusions constitute a creation of state law and, thus, the issues should be certified to the Nevada Supreme Court. The Court overrules this objection and denies the request for certification for the reasons stated in Section IV below.

### IV. MOTION TO CERTIFY QUESTIONS

The Court now turns to Alon's Motion to Certify Questions. Under Rule 5 of the Nevada Rules of Appellate Procedure ("Rule 5"), a United States District Court may certify a question of law to the Nevada Supreme Court "upon the court's own motion or upon the motion of any party to the cause." Nev. R. App. P. 5(a)—(b). The Nevada Supreme Court has the power to answer such a question that "may be determinative of the cause then pending in the certifying court and ... [where] it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state." Nev. R. App. P. 5(a). Rule 5 also provides that a certification order must specifically address each of six requirements:

> (1) The questions of law to be answered; (2) A statement of all facts relevant to the questions certified; (3) The nature of the controversy in which the questions arose; (4) A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court; (5) The names and addresses of counsel for the appellant and respondent; and (6) Any other matters that the certifying court deems relevant to a determination of the questions certified.

Nev. R. App. P. 5(c).

Alon first seeks to certify the question of whether the release of a mechanic's lien without reservation of rights eliminates the ability to record a subsequent lien if there is no additional work performed after the release. Id. Alon also seeks to certify the question of whether an architect's performance of preconstruction services without commencement of visible construction can be the basis for a mechanic's lien against the owner's property when no priority dispute exists. Id.

The Court finds the Motion to Certify Questions premature as it would necessarily require the Court to assume facts regarding the substantive claims that have not yet been established. Facts needing resolution, for example, include: the terms of specific agreements entered into by the parties; whether the parties entered into a single contract or multiple contracts for the work provided on the Alon Sales Center project and the Alon Resort project; and whether the first mechanic's lien was released with or without a reservation of YWS' rights. Upon the submission of dispositive motions with the evidence that generally accompanies such motions, the Court would then been in a position to make the factual findings that might support the certification of the aforementioned questions. Thus, the Court denies the Motion to Certify without prejudice, finding it is premature at this point in the litigation.

### III. CONCLUSION

**IT IS ORDERED** that United States Magistrate Judge Cam Ferenbach Report and Recommendation [ECF No. 83] is ACCEPTED and ADOPTED as outlined herein.

**IT IS FURTHER ORDERED** that Alon Las Vegas Resort, LLC and Alon Leisure Management LLC's Motion to Expunge YWS Architects, LLC's Mechanic's Lien [ECF No. 31] is DENIED accordingly.

**IT IS FURTHER ORDERED** that Alon Las Vegas Resort, LLC and Alon Leisure Management LLC's Motion to Certify Questions to the Nevada Supreme Court [ECF No. 86] is DENIED without prejudice.

/ / /

/ / /

**IT IS FURTHER ORDERED** that the parties' Stipulation and Order to Extend Time to File Reply in Support of Motion to Certify Questions to the Nevada Supreme Court [ECF No. 94] is GRANTED *nunc pro tunc*.

DATED: September 26, 2018.



_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**